United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 8, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 04-60220
Summary Calendar

_____

BAUDELIO BETANCOURT-PARGA,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY,

Respondent.

------------------------------------------------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A91 246 157
------------------------------------------------------------

Before WIENER, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[*]

Baudelio Betancourt-Parga, a native and citizen of Mexico, has filed a petition for review

from a final order denying his request for suspension of deportation. Betancourt argues that the BIA

failed to give proper consideration to the factors announced in Rosenberg v. Fleuti, 374 U.S. 449

(1963) in determining his eligibility for suspension. He also argues that there was not substantial

evidence to support the BIA's determination that he failed to demonstrate seven years of continuous

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

physical presence in the United States prior to the commencement of the deportation proceedings.

Betancourt's reliance on the application of the <u>Fleuti</u> doctrine in determining his continual physical presence is misplaced because that holding has been superceded by the enactment of certain Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) provisions in cases involving suspension of deportation. <u>See</u> <u>Tapia v. Ashcroft</u>, 351 F.3d 795, 799 (7th Cir. 2003).

Betancourt has not rebutted the evidence that he spent in excess of 180 days in the aggregate outside of the United States prior to being served with the order to show cause. Thus, he is statutorily ineligible for suspension of deportation. <u>See</u> <u>Gonzalez-Torres v. INS</u>, 213 F.3d 899, 902 (5th Cir. 2000); 8 U.S.C. § 1229b(d)(1), (2).

Because Betancourt is statutorily ineligible for suspension of deportation, whether he was found to have a continual physical presence since 1982 under an amnesty program qualifying him for permanent residency has no relevance to the determination of his continual physical presence for suspension of deportation purposes. Nor can Betancourt take advantage of his continuous presence in the United States since his 1992 departure. <u>See</u> <u>McBride v. INS</u>, 238 F.3d 371, 377 (5th Cir. 2001)

The petition for review is DENIED.